UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

126 MULBERRY ST. REALTY CORP., a/k/a 126
MULBERRY STREET REALTY CORP.,

        Plaintiff,

- against -

DIAMOND STATE INSURANCE COMPANY,

        Defendant.

------------------------------------------------------------------X

DIAMOND STATE INSURANCE COMPANY,

        Third-Party Plaintiff,

- against -

A PLUS COVERAGE, INC. and BENEFIT
COVERAGE, INC.,

        Third-Party Defendants.

------------------------------------------------------------------X

**MEMORANDUM**
**OPINION AND**
**ORDER**

07 Civ. 205 (SAS)



**SHIRA A. SCHEINDLIN, U.S.D.J.:**

**I.   INTRODUCTION**

      126 Mulberry Street Realty Corp. ("Mulberry") brings this diversity action against Diamond State Insurance Company ("Diamond State") alleging breach of contract for Diamond State's refusal to honor its claim for property

damage under an insurance policy. Diamond State denies its obligation to supply coverage, alleging that Mulberry failed to give timely notice of its claim, and has filed a claim for indemnification against A Plus Coverage, Inc. ("A Plus") and Benefit Coverage, Inc. ("Benefit"). Mulberry now moves for partial summary judgment on the issue of liability, and A Plus and Benefit move for summary judgment. For the reasons stated below, Mulberry's motion is granted. Benefit's motion for summary judgment is also granted, but A Plus' motion for summary judgment is denied.

## II. BACKGROUND[1]

Diamond State issued an all-risk insurance policy to the Mulberry Hester Company for the 2004-05 policy year. The policy covered, *inter alia*, a building located at 126 Mulberry Street in Manhattan and provided that all actions against Diamond State must be brought within two years of the date on which the loss occurred.

In December 2004, the building at 126 Mulberry Street was damaged as a result of construction on an adjacent lot, and Mulberry sought coverage under its policy with Diamond State. The deposition testimony indicates that on January

---

[1] The facts in this section are drawn from Plaintiff's Rule 56.1 Statement, Third-Party Defendants' Rule 56.1 Statement, Defendant's Counterstatement Pursuant to Rule 56.1, and from the evidence submitted to the Court by the parties if not included in the Rule 56.1 statements.

14, 2005, Mulberry mailed a memorandum to Benefit, its insurance broker, advising Benefit of the loss and providing notice of its claim.[2] The deposition testimony further indicates that Dorothy Liu, an employee of Benefit, hand-delivered Mulberry's memorandum to Yeewan Tsang, an employee of A Plus, Diamond State's insurance agent.[3] Tsang testified that she received the memorandum from Liu on January 18, 2005 and faxed a copy to Diamond State that afternoon.[4]

Diamond State disputes the testimony of both Liu and Tsang, claiming that it did not receive notice of Mulberry's loss until the commencement of the instant action in January 2007, more than two years after the damage occurred.[5] Diamond State argues that Liu's testimony is inconclusive as to whether Benefit ever received Mulberry's notice of loss, and it is therefore

---

[2]   See Transcript of 3/16/09 Deposition of Albert Tse, Mulberry's principal, Ex. N to Affidavit of Robert Sullivan, counsel for Mulberry ("Sull. Aff."), at 73:12-21.

[3]   See Transcript of 3/17/09 Deposition of Yeewan Tsang, A Plus employee ("Tsang Dep."), Ex. H to Sull. Aff. and Ex. C to Declaration of Michael Miranda, counsel for Diamond State ("Mir. Decl."), at 30:20-25.

[4]   See id. at 30:20-25, 32:14-21.

[5]   See Memorandum of Law in Opposition to Plaintiff's Motion for Partial Summary Judgment on Liability and Third-Party Defendants' Motion for Summary Judgment ("Def. Mem.") at 12.

uncertain whether Liu actually hand-delivered the memorandum to Tsang.[6]

Diamond State sees particular significance in Liu's testimony that she did not follow her usual practice of faxing Mulberry's claim to A Plus when it was received.[7] Finally, Diamond State asserts that it never received the copy of Mulberry's memorandum that Tsang claims to have faxed to Diamond State.[8]

### III. LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[9] An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[10] A fact is material when it "'might affect the outcome of the suit under the governing law.'"[11]

---

[6]   See id. at 10.

[7]   See id. at 11-12.

[8]   See id. at 12.

[9]   Fed. R. Civ. P. 56(c).

[10]  Roe v. City of Waterbury, 542 F.3d 31, 34 (2d Cir. 2008) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

[11]  Ricci v. DeStefano, 530 F.3d 88, 109 (2d Cir. 2008) (quoting Anderson, 477 U.S. at 248).

4

To defeat a motion for summary judgment, the non-moving party must raise a genuine issue of material fact. "Summary judgment is properly granted when the non-moving party 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'"[12] To do so, the non-moving party must do more than show that there is "'some metaphysical doubt as to the material facts,'"[13] and it "'may not rely on conclusory allegations or unsubstantiated speculation.'"[14] However, "'all that is required [from a non-moving party] is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial.'"[15]

In determining whether a genuine issue of material fact exists, the court must construe the evidence in the light most favorable to the non-moving

---

[12] *Abramson v. Pataki*, 278 F.3d 93, 101 (2d Cir. 2002) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

[13] *Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007) (quoting *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

[14] *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) (quoting *Fujitsu Ltd. v. Federal Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001)).

[15] *Kessler v. Westchester County Dep't of Soc. Servs.*, 461 F.3d 199, 206 (2d Cir. 2006) (quoting *Anderson*, 477 U.S. at 248-49).

party and draw all justifiable inferences in that party's favor.[16] However, "[i]t is a settled rule that '[c]redibility assessments, choices between conflicting versions of the events, and the weighing of evidence are matters for the jury, not for the court on a motion for summary judgment.'"[17] Summary judgment is therefore "only appropriate when there is no genuine issue as to any material fact, making judgment appropriate as a matter of law."[18]

## IV. DISCUSSION

### A. Mulberry

Tsang testified that A Plus received notice of Mulberry's loss in January 2005.[19] As New York law provides that timely notice of loss to an insurance agent is considered notice to the insurer, Mulberry satisfied its obligations under its policy with Diamond State and is entitled to coverage regardless of whether A Plus actually forwarded the notice to Diamond State.[20]

---

[16] *See Mathirampuzha v. Potter*, 548 F.3d 70, 74 (2d Cir. 2008) (quoting *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 113 (2d Cir. 2005)).

[17] *McClellan v. Smith*, 439 F.3d 137, 144 (2d Cir. 2006) (quoting *Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir. 1997)). *Accord Anderson*, 477 U.S. at 249.

[18] *Karpova v. Snow*, 497 F.3d 262, 270 (2d Cir. 2007) (citing *Tocker v. Philip Morris Cos.*, 470 F.3d 481, 486-87 (2d Cir. 2006)).

[19] *See* Tsang Dep. at 29:18-24.

[20] *See WTC Captive Ins. Co. v. Liberty Mut. Fire Ins. Co.*, 549 F. Supp. 2d 555, 565 (S.D.N.Y. 2008); *see also Farr v. Newman*, 199 N.E.2d 369, 371

Diamond State argues that there is an issue of material fact as to whether A Plus received notice of Mulberry's claim from Benefit.[21] However, Diamond State does not point to any evidence that rebuts Tsang's testimony that A Plus received Mulberry's memorandum. Rather, Diamond State relies on the fact that the deposition testimony is inconsistent as to *when* the memorandum was received.[22] Because notice only had to be provided within two years of Mulberry's loss, notice was timely regardless of the specific date so long as it was received prior to December 2006. Although the deponents are apparently unable to recall the exact date that Mulberry's memorandum was hand-delivered to A Plus, the depositions are consistent to the extent they indicate that A Plus received timely notice.

Alternatively, Diamond State argues that A Plus is not authorized to serve as its agent with respect to claims notices, and therefore even if Mulberry

---

(N.Y. 1964) ("It is well-settled that the principal is bound by notice to or knowledge of his agent in all matters within the scope of his agency although in fact the information may never actually have been communicated to the principal.") (citations omitted). Diamond State attempts to distinguish the cases cited by Mulberry on the ground that its policy did not specifically authorize notice to an agent. *See* Def. Mem. at 13. This distinction is unavailing because Diamond State's agency agreement with A Plus anticipates that A Plus will receive notice of claims.

[21]   *See* Def. Mem. at 10.

[22]   *See id.* at 10-12.

provided timely notice to A Plus, it did not constitute sufficient notice to Diamond State.[23] This contention is belied by A Plus' relationship with Diamond State pursuant to its agency agreement. *First*, it is clear that the agency agreement gives A Plus the authority to enter into insurance contracts with third parties on Diamond State's behalf.[24] *Second*, there is undisputed testimony that employees of A Plus are able to log into Diamond State's claim system.[25] *Third*, Diamond State argues that it is entitled to indemnification from A Plus precisely because the agency agreement requires A Plus to forward claims notices to Diamond State. As Diamond State fails to raise an issue of material fact with respect to its liability, Mulberry is entitled to partial summary judgment.

### B.  Benefit

It is undisputed that no contractual relationship existed between Benefit and Diamond State. Diamond State nonetheless asserts that it has a valid claim against Benefit on the theory that Benefit is the alter ego of A Plus. Diamond State argues that because A Plus and Benefit are owned by the same principal, operate out of the same building, and may share office equipment, they

---

[23]  *See id.* at 15.

[24]  *See id.* at 14.

[25]  *See* Tsang Dep. at 37:20-24.

are alter egos. However, Diamond State offers no additional evidence to support its theory. Notably, Diamond State does not dispute that A Plus and Benefit: (1) are separately licensed; (2) are separately incorporated; (3) employ separate staffs; (4) maintain separate bank accounts; (5) file separate tax returns; or (6) occupy separate floors with separate physical entrances. Rather, Diamond State attempts to confuse the deposition testimonies of various A Plus and Benefit employees in a transparent effort to generate an issue of material fact where there clearly is none. As no reasonable fact-finder could conclude that A Plus and Benefit are alter egos, Benefit is entitled to summary judgment.

### C.   A Plus

Tsang testified that she faxed notice of Mulberry's claim to Diamond State on January 18, 2005.[26] Diamond State disputes that this fax was ever sent. *First*, Diamond State argues that Tsang's testimony is negated by the fact that the alleged fax's cover sheet was reused from a previous fax.[27] *Second*, Diamond State points out that although it was A Plus' usual procedure to stamp a fax after it had been sent, the fax purportedly sent by Tsang was not stamped.[28] *Third*,

---

[26]   See Tsang Dep. at 31:14-32:21.

[27]   See id. at 19.

[28]   See id.

Diamond State argues that Tsang's testimony is inconsistent with the itemization on the phone bill for the line that Tsang allegedly used to send the fax.[29] While it is not clear that Diamond State's allegations regarding Tsang's failure to follow office protocol are pertinent, the alleged discrepancy between Tsang's testimony and the phone bill presents a genuine issue of material fact. Accordingly, A Plus is not entitled to summary judgment.

## V.  CONCLUSION

For the foregoing reasons, Mulberry's motion for partial summary judgment on liability is granted. Benefit's motion for summary judgment is granted and Benefit is dismissed from this case. A Plus' motion for summary judgment is denied. The Clerk of the Court is directed to close these motions (Docket Nos. 63 and 70). A conference is scheduled for July 7 at 4:30 p.m.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         June 25, 2009

---

[29]  *See id.* at 20-21.

## -Appearances-

**For Plaintiff 126 Mulberry St. Realty Corp.:**

Mark A. Bloom, Esq.
Eugene R. Scheiman, Esq.
Arent Fox LLP
1675 Broadway
New York, New York 10019
(212) 457-5410

Sara B. Feldman, Esq.
Robert M. Sullivan, Esq.
Sullivan, Manarel & Paige, LLP
1350 Broadway, Suite 1001
New York, New York 10018
(212) 695-0910

**For Defendant/Third-Party Plaintiff Diamond State Insurance Company:**

Michael A. Miranda, Esq.
Miranda Sambursky Slone Sklarin Vervenioits, LLP
240 Mineola Boulevard
Mineola, New York 11501
(516) 741-7676

**For Third-Party Defendants A Plus Coverage Inc. and Benefit Coverage Inc.:**

Stephen Carson Cunningham, Esq.
Howard S. Kronberg, Esq.
Keidel, Weldon & Cunningham, LLP
925 Westchester Avenue, Suite 302
White Plains, New York 10604
(914) 948-7000