UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

126 MULBERRY ST. REALTY CORP., a/k/a    :
126 MULBERRY STREET REALTY CORP.,
                                        :

                            Plaintiff,  :

            - against -                 :

                                        :

DIAMOND STATE INSURANCE
COMPANY,                                :              **ORDER**

                            Defendant.  :              07 Civ. 205 (SAS) (FM)


--------------------------------------------------------x

DIAMOND STATE INSURANCE              :
COMPANY,
                                     :

             Third-Party Plaintiff,  :

        -against-                    :

                                     :

A PLUS COVERAGE, INC., and BENEFIT   :
COVERAGE, INC.,
                                     :

             Third-Party Defendants.  :

--------------------------------------------------------x

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: 11/1/10 _____ |

**FRANK MAAS**, United States Magistrate Judge.

I.    Introduction

                Plaintiff 126 Mulberry Street Realty Corp. ("Mulberry") commenced this

first-party insurance suit alleging that defendant Diamond State Insurance Company

("Diamond State") breached its contract by failing to honor a claim arising out of

structural and other damage to a building owned by Mulberry located at 126 Mulberry

Street in lower Manhattan.  (ECF No. 1).  Diamond State denied Mulberry's claim on late

notice grounds.  After Mulberry sued Diamond State, Diamond State commenced a third-

party action against A Plus Coverage, Inc. ("A Plus"), its agent, and Benefit Coverage,

Inc. ("Benefit"), Mulberry's broker.  (ECF No. 27).  On June 25, 2009, Judge Scheindlin

granted Mulberry partial summary judgment, rejecting Diamond State's late notice

defense.  (ECF No. 84).  I held settlement conferences both before and after that decision.

Eventually, the action was discontinued on September 17, 2009.  (ECF No. 87).

> The case comes before the Court in connection with a fee dispute between
Mulberry and its former counsel, Weg and Myers, P.C. ("Weg").  Over the course of this
suit, Mulberry was represented by four law firms.  (Weg Mem. at 5).  The action was
filed by Weg, which represented Mulberry on a contingency fee basis until June 27, 2008.
(See id. at 3, 5; ECF No. 36).  Although it is clear that there is considerable enmity
between Mulberry's former attorneys at Weg and Albert Tse ("Tse"), the principal of
Mulberry, it is undisputed that Weg was not terminated for cause.  (See Weg Mem. at 4-
5; Aff. of Dennis D'Antonio, dated Jan. 22, 2010 ("D'Antonio Aff."), ¶¶ 14-16; Aff. of
Albert Tse, dated Jan. 22, 2010 ("Tse Aff."), ¶ 11).

> After Weg was relieved as counsel, Mulberry was represented by Arent
Fox, LLP ("Arent"), Cozen O'Connor, P.C. ("Cozen"), and The Sullivan Law Group,
LLP ("Sullivan"), each of which billed Mulberry on an hourly basis.  (Tse Aff. ¶¶ 14-18).

> The Weg retainer agreement ("Agreement") provided for the firm to be
compensated on "a contingency fee basis of 33-⅓ % of any sums recovered whether by

suit, settlement, or otherwise."  (Decl. of Scott J. Kantor, dated Jan. 22, 2010 ("Kantor

Decl."), Ex. A).  The Agreement further provided that "if the matter settles or otherwise

resolves prior to filing the '*Note of Issue*' and '*Certificate of Readiness for Trial*' the

contingency fee will be 27-½ %."  (Id. Ex. A) (emphasis in original).  The Agreement

was silent, however, as to the compensation that Weg would receive if it ceased to

represent Mulberry before the case was resolved.  (See id. Ex. A).

    Under the Agreement, Weg had the right to terminate its representation of

Mulberry.  (See id. Ex. A).  Furthermore, Mulberry had the right to arbitrate certain fee

disputes.  (Id. Ex. A).  Finally, New York law governs any disputes that arise concerning

Weg's representation of Mulberry.  (Id. Ex. A).

    At the time that Arent was substituted for Weg, the Court granted Weg a

charging lien against the proceeds of the suit pursuant to Section 475 of the New York

Judiciary Law.  (ECF No. 36).  Weg now seeks to recover $165,000, the full amount in

escrow, which corresponds to 27-½ percent of Mulberry's total recovery pursuant to the

settlement.  (Weg Mem. at 6).  Mulberry contends, however, that Weg is entitled to a

maximum of $29,119 on a quantum meruit basis.  (Sullivan Post Hr'g Mem. at 22).  Both

sides agree that whatever sum is awarded must be reduced by $7,500 to account for

Mulberry's initial deposit against future fees.

    On March 11, 2010, the Court held an evidentiary hearing at which Dennis

D'Antonio, Esq., the Managing Director and Managing Partner of Weg, was the sole

witness.  At the conclusion of the hearing, Weg and Mulberry both consented to my

exercising jurisdiction over this matter pursuant to 28 U.S.C. § 636(c) for the limited

purpose of resolving their fee dispute.  (Hr'g Tr. ("Tr.") at 91).  For the reasons set forth

below, the Court now awards Weg the sum of $31,283.75 ($38,783.75 minus $7,500).

II.    Discussion

        Fee disputes are generally unpleasant, and this case is no exception.

Seeking to recover a percentage of Mulberry's eventual recovery, Weg takes potshots at

successor counsel, and Mulberry and its current counsel, Sullivan, respond in kind.

Nevertheless, the law is clear that Weg is not entitled to recover on a contingency fee

basis.

        If Weg and its successors all had entered into contingency fee arrangements

with Mulberry, so that the only parties in interest were dueling law firms, Weg could have

sought compensation on a contingent percentage fee basis predicated on its proportionate

contribution to the eventual outcome.  See Lai Ling Cheng v. Modansky Leasing Co., 73

N.Y.2d 454, 458 (1989); Reubenbaum v. B & H Express, Inc., 6 A.D.2d 47, 49 (1st Dep't

1958).  Alternatively, Weg and Mulberry could have contracted for Weg to "receive as

compensation a contingent percentage determined either at the time of substitution or at

the conclusion of the case." Id. at 48-49.  In this case, however, it is Mulberry, not its

successor counsel, that will have to disgorge any funds used to pay Weg.  Additionally,

the Agreement does not state a percentage that Weg is entitled to recover following its

dismissal without cause.  (See Kantor Decl. Ex. A).

In these circumstances, Weg may recover only the "fair and reasonable value of the services rendered determined at the time of discharge and computed on the basis of <u>quantum meruit</u>." <u>Cohen v. Grainger, Tesoriero & Bell</u>, 81 N.Y.2d 655, 658 (1993) (internal citation and quotation marks omitted).  Weg may not recover any fees for its services on a percentage basis.  <u>Id.</u>  Accordingly, the sole issue before the Court is the adequacy of Weg's showing concerning the reasonableness of the hours that its timekeepers expended and the hourly rates it seeks to recover for their time.  While the services performed by successor counsel may inform that discussion, any effort to compare the efficiency or productivity of Weg to that of successor counsel is largely irrelevant.

      A.    <u>Weg's Time Charges</u>

Having been retained on a contingency fee basis, Weg did not keep any contemporaneous time records.  Accordingly, it has been forced to estimate its time charges based upon a review of its documentary files.  (<u>See</u> Weg Mem. at 16; Tr. 44).  As might be expected, this attempted reconstruction is not perfect.  For example, Weg had to concede during the evidentiary hearing that its reconstruction included time for site visits that at least one of its timekeepers never made.  (Tr. 86).  On the other hand, the reconstruction does not attribute any time to the numerous discussions that Weg's managing director had with Tse concerning this case.  (<u>Id.</u> at 87-88).  In light of these omissions, I am inclined to agree with Weg that its overall estimate of the time that it expended is actually somewhat conservative.  (<u>See id.</u> at 44).  I therefore find, on balance,

that Weg's reconstructed hours adequately reflect the actual hours that Weg timekeepers spent on this matter.  See Riordan v. Nationwide Mut. Fire Ins. Co., 977 F.2d 47, 53 (2d Cir. 1992) ("New York courts have specifically rejected the 'hard and fast rule that reconstructed time records can never serve as a basis for compensation' in favor of wider trial court discretion in evaluating fee petitions.") (quoting In re Karp, 537 N.Y.S.2d 510, 515 (1st Dep't 1989)).

As part of the quantum meruit inquiry, the Court also has an obligation to determine whether the hours actually expended were reasonable.  Cohen, 81 N.Y.2d at 658.  Although many of Weg's reconstructed time entries relate to particular documents or events, Weg also has block-billed for nearly forty percent of the time it claims it spent on this case.  (See Kantor Decl. Ex. H)  For example, Weg seeks to recover for twenty-five hours of partner time based upon an entry which sets forth only a handful of activities with no indication as to when each activity occurred or how long it took.  (Id. Ex. H)  For this reason, I conclude that Weg should be permitted to recover only one-half of the block-billed time.  Cf. Moreno v. Empire City Subway Co., No. 05 Civ. 7768 (LMM) (HBP), 2008 WL 793605, at *4 (S.D.N.Y. Mar. 26, 2008) (court may reduce fee request "where the attorney's method of billing makes it impossible to identify the work specifically related to the subject matter of the fee request").

B.      Weg's Hourly Rates

Having reviewed Weg's hours, the Court's remaining task is to determine the reasonableness of the hourly rates charged by Weg.  In making that determination, the Court may consider the prevailing market rates "for similar services by lawyers of reasonably comparable skill, experience, and reputation." Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998) (quoting Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)). The Court also may rely on its own knowledge of private firm hourly rates.  Miele v. N.Y. State Teamsters Conference Pension & Ret. Fund, 831 F.2d 407, 409 (2d Cir. 1987).

Weg is a nine-lawyer firm specializing in insurance law, with an emphasis on first-party suits brought by policyholders against carriers.  (Tr. 8); Weg and Myers, http://www.wegandmyers.com/PracticeAreas.shtml (last visited Oct. 28, 2010).  The firm has large institutional clients, but also represents small policyholders, such as Mulberry. (Tr. 9).  There are five timekeepers at the firm for whom Weg seeks to recover fees:  two are partners and three are present or former associates.  (See Kantor Decl. Ex. H).

One of the partners, Dennis D'Antonio, is a 1982 graduate of New York Law School.  Weg and Myers, http://www.wegandmyers.com/Attorneys.shtml/ 1313243_1 (last visited Oct. 28, 2010).  He has appeared in numerous jurisdictions, has tried more than seventy jury trials, has taught insurance law at New York Law School, and frequently has given continuing legal education lectures on insurance-related topics. (Tr. 6-7).  Weg seeks to be reimbursed for his time at the rate of $500 per hour through March 2008, and $600 per hour thereafter.  (Id. at 11; Hr'g Ex. 10).

William Parash, the other Weg partner, accounts for most of the hours reflected in the reconstructed bill.  Mr. Parash graduated from St. John's University School of Law in 1991 and is admitted to practice in New York and Connecticut, as well as before several federal courts.  Weg and Myers, http://www.wegandmyers.com/ Attorneys.shtml/2580006_1 (last visited Oct. 28, 2010).  Weg seeks to be compensated for Mr. Parash's time at the same hourly rates as Mr. D'Antonio.  (Tr. 11; Hr'g Ex. 10).

The three associates are Christie Vu, a first-year associate who was not yet admitted to the bar at the time of the litigation, but who had spent several years working as a non-lawyer in the insurance industry (Tr. 48-49); Daniel Hirschel,[1] who Mr. D'Antonio estimated had been practicing law for four to five years (id. at 50); and Denise Thompson, who had been admitted to practice for approximately ten years (id. at 51). Weg seeks to be reimbursed at the rate of $367 per hour for the time spent by each of these associates.[2]  (See id.; Hr'g Ex. 10).

Weg argues that it is a leader in the first-party insurance coverage field whose distinguished reputation justifies the hourly rates that it seeks.  (Tr. 46-47).  Weg further contends that its partner rates are reasonable, both because its non-contingency clients pay them and because Mulberry willingly paid Arent and Cozen, two of its

---

[1]     Mr. D'Antonio testified that this attorney's name was Daniel Hirtenstein.  (Tr. 50).  However, other documents in the record show that his name actually is Daniel Hirschel. (See Kantor Decl. Ex. B).

[2]     Weg did not incorporate into its reconstruction any time attributable to work performed by paralegals.

competitors, even higher rates.  (Tr. 11; Weg Reply Mem. at 9-10).  (The partners at those

firms working on this suit in fact charged hourly rates ranging from $480 to $745 per

hour.  (Tr. 35-38)).  Mulberry counters that insurance coverage work of the sort involved

in this suit typically is billed at relatively low rates.  (Sullivan Mem. at 10).

   The determination of reasonable hourly billing rates for attorneys is more

art than science.  In exercising its "considerable discretion" in this area, a court should

determine the rate that a "paying client would be willing to pay," "bear[ing] in mind that

a reasonable, paying client wishes to spend the minimum necessary to litigate the case

effectively."  <u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty of Albany</u>, 522

F.3d 182, 190 (2d Cir. 2008).  In this case, there is no question that Mulberry was willing

to pay substantial hourly fees for partner-level work.  Nonetheless, Mulberry's

willingness to pay premium rates to litigators at firms such as Arent and Cozen, which

have hundreds of lawyers, does not mean that it (or any other reasonable client) would

willingly pay the same rates to a much smaller firm such as Weg.  By the same token,

however, the fact that Sullivan – also a small firm – was willing to work at much lower

rates does not mean that a reasonable client would never pay a higher rate to a firm such

as Weg.

   Taking into consideration the claims involved in this suit, the size of

Mulberry's potential recovery, the actual hourly billing rates of the partners at all four

firms, and my own knowledge of prevailing rates, I find that $400 per hour is a

reasonable hourly rate for the Weg partners who worked on this case.

Turning to the associates' time, I find that a billing rate of $367 per hour for all of these associates is excessive.  Indeed, at the time of her involvement in this case, one of the associates, Ms. Vu, was not even admitted to the bar.  (Tr. 48-49).  To keep the associate billing rates in line with the partner billing rates, and at a level that a reasonable client would pay for work of the sort that Weg performed on a contingency basis, a substantial reduction in billing rates must be made.  Specifically, I find that Weg is entitled to be compensated at the rate of $275 per hour for work performed by Mr. Hirschel and Ms. Thompson, and at the rate of $190 per hour for Ms. Vu's services.  I note that courts often have approved of rates under $200 per hour for first-year associates in the New York metropolitan area.  See e.g., Retained Realty, Inc. v. Spitzer, 643 F. Supp. 2d 228 (D. Conn. 2009) ($190 for first-year associate); Pugach v. M & T Mortg. Corp., 564 F. Supp. 2d 153, 158-59 (E.D.N.Y. 2008) (collecting cases and approving $150 rate for first-year associate in case in which issues were "neither novel nor complex"); Ling v. Cantley & Sedacca, L.L.P., No. 04 Civ. 4566 (HB), 2006 WL 290477, at *4 (S.D.N.Y. Feb. 8, 2006) ($150 for first-year associate).

After making these adjustments, Weg is entitled to a total of $38,783.75 to cover its reasonable attorneys' fees in this case.[3]

---

[3]      A spreadsheet explaining how I arrived at this amount is annexed as Exhibit A.  I note that no timekeeper was listed for a three-hour entry on April 25, 2008.  Since it is apparent that this is time attributable to either Mr. D'Antonio or Mr. Parash, I have reduced the amount recoverable for this work from $1,800 to $1,200.

C.    Prejudgment Interest

Weg seeks to recover prejudgment interest from June 27, 2008, the date the Court approved its request for a charging lien against any eventual Mulberry recovery. (Weg Post Hr'g Mem. at 19-20).  "[A]n action for a charging lien pursuant to § 475 is equitable in nature, therefore the contractual provisions of NYCPLR § 5001 et seq. do not govern and prejudgment interest is not secured under § 475."  Hedman, Gibson & Costigan, P.C. v. Tri-Tech Sys. Int'l, Inc., No. 92 Civ. 2757 (JFK), 1995 WL 555702, at *4 (S.D.N.Y. Sept. 18, 1995) (citations omitted).  Accordingly, Weg's request for prejudgment interest must be denied, unless the escrow funds were held in an interest-bearing account that provides for the accrued interest to be paid to the successful claimant(s).   If so, Mulberry or Weg will be entitled to its pro rata share of the interest accrued.

11

III.    Conclusion

    Weg is entitled to $38,783.75 in attorneys' fees, less Mulberry's $7,500

prepayment.  The escrowee is therefore directed to pay Weg the sum of $31,283.75

within ten days in satisfaction of its charging lien.  If the escrow funds earned interest

payable to a successful claimant, Weg also is entitled to its allocable share of any interest

earned.


Dated:  New York, New York
    November 1, 2010

                  FRANK MAAS
               United States Magistrate Judge


Copies to:

Hon. Shira A. Scheindlin
United States District Judge

Robert M. Sullivan, Esq.
Sara B. Feldman, Esq.
Sullivan, Manarel & Paige, LLP
Fax:  (212) 695-0915

Michael A. Miranda, Esq.
Miranda Sambursky Slone Sklarin Verveniotis LLP
Fax:  (516) 741-9060

Howard S. Kronberg, Esq.
Keidel, Weldon & Cunningham, LLP
Fax:  (914) 948-7010

William Parash, Esq.
Weg and Myers, P.C.
Fax:  (212) 349-6702

Exhibit A

| Date | Timekeeper | Hours | Rate per hour | Total |
|---|---|---|---|---|
| 1/10/2007 | DDA | 4.75 | $400.00 | $1,900.00 |
| 1/11/2007 | DH | 3.50 | $275.00 | $962.50 |
| 2/6/2007 | DDA | 0.25 | $400.00 | $100.00 |
| 2/6/2007 | DH | 0.25 | $275.00 | $68.75 |
| 2/26/2007 | DH | 0.25 | $275.00 | $68.75 |
| 3/1/2007 | DH | 0.25 | $275.00 | $68.75 |
| 3/7/2007 | DH | 0.25 | $275.00 | $68.75 |
| 3/30/2007 | DDA | 1.50 | $400.00 | $600.00 |
| 3/30/2007 | DH | 1.50 | $275.00 | $412.50 |
| 4/17/2007 | DH | 0.25 | $275.00 | $68.75 |
| 5/31/2007 | DDA | 0.25 | $400.00 | $100.00 |
| 5/31/2007 | DH | 0.25 | $275.00 | $68.75 |
| 7/13/2007 | DH | 0.25 | $275.00 | $68.75 |
| 8/22/2007 | DH | 0.75 | $275.00 | $206.25 |
| 8/23/2007 | DH | 0.25 | $275.00 | $68.75 |
| 11/29/2007 | CV | 4.00 | $190.00 | $760.00 |
| 11/30/2007 | CV | 0.25 | $190.00 | $47.50 |
| 11/30/2007 | JT | 3.00 | $275.00 | $825.00 |
| 12/5/2007 | WHP | 4.00 | $400.00 | $1,600.00 |
| 12/14/2007 | CV | 1.00 | $190.00 | $190.00 |
| 12/14/2007 | CV | 2.50 | $190.00 | $475.00 |
| 12/14/2007 | WHP | 1.00 | $400.00 | $400.00 |
| 12/17/2007 | CV | 0.25 | $190.00 | $47.50 |
| 12/18/2007 | CV | 0.50 | $190.00 | $95.00 |
| 12/18/2007 | WHP | 0.50 | $400.00 | $200.00 |
| 12/20/2007 | WHP | 0.25 | $400.00 | $100.00 |
| 12/21/2007 | WHP | 0.25 | $400.00 | $100.00 |
| 1/7/2008 | WHP | 0.25 | $400.00 | $100.00 |
| 1/15/2008 | WHP | 0.25 | $400.00 | $100.00 |
| 1/16/2008 | WHP | 0.25 | $400.00 | $100.00 |
| 1/17/2008 | CV | 0.25 | $190.00 | $47.50 |
| 1/22/2008 | CV | 0.25 | $190.00 | $47.50 |
| 1/22/2008 | CV | 0.25 | $190.00 | $47.50 |
| 1/24/2008 | CV | 0.75 | $190.00 | $142.50 |
| 1/29/2008 | WHP | 0.25 | $400.00 | $100.00 |
| 2/7/2008 | WHP | 0.25 | $400.00 | $100.00 |
| 2/15/2008 | WHP | 0.75 | $400.00 | $300.00 |
| 2/27/2008 | CV | 1.50 | $190.00 | $285.00 |
| 2/27/2008 | WHP | 0.50 | $400.00 | $200.00 |
| 2/28/2008 | WHP | 0.25 | $400.00 | $100.00 |

| 3/4/2008 | CV | 0.25 | $190.00 | $47.50 |
|---|---|---|---|---|
| 3/4/2008 | WHP | 0.25 | $400.00 | $100.00 |
| 3/10/2008 | WHP | 0.25 | $400.00 | $100.00 |
| 3/11/2008 | CV | 1.25 | $190.00 | $237.50 |
| 3/11/2008 | WHP | 1.25 | $400.00 | $500.00 |
| 3/18/2008 | WHP | 0.50 | $400.00 | $200.00 |
| 3/25/2008 | WHP | 0.50 | $400.00 | $200.00 |
| 4/3/2008 | CV | 0.25 | $190.00 | $47.50 |
| 4/3/2008 | WHP | 0.25 | $400.00 | $100.00 |
| 4/3/2008 | WHP | 0.50 | $400.00 | $200.00 |
| 4/3/2008 | WHP | 0.25 | $400.00 | $100.00 |
| 4/4/2008 | WHP | 0.25 | $400.00 | $100.00 |
| 4/7/2008 | WHP | 0.25 | $400.00 | $100.00 |
| 4/7/2008 | WHP | 0.25 | $400.00 | $100.00 |
| 4/7/2008 | WHP | 0.25 | $400.00 | $100.00 |
| 4/8/2008 | WHP | 0.25 | $400.00 | $100.00 |
| 4/8/2008 | WHP | 0.25 | $400.00 | $100.00 |
| 4/9/2008 | CV | 0.25 | $190.00 | $47.50 |
| 4/9/2008 | WHP | 0.25 | $400.00 | $100.00 |
| 4/9/2008 | WHP | 1.25 | $400.00 | $500.00 |
| 4/10/2008 | CV | 0.25 | $190.00 | $47.50 |
| 4/10/2008 | WHP | 0.25 | $400.00 | $100.00 |
| 4/10/2008 | WHP | 2.00 | $400.00 | $800.00 |
| 4/11/2008 | WHP | 0.25 | $400.00 | $100.00 |
| 4/11/2008 | WHP | 0.50 | $400.00 | $200.00 |
| 4/14/2008 | CV | 0.25 | $190.00 | $47.50 |
| 4/15/2008 | WHP | 0.25 | $400.00 | $100.00 |
| 4/15/2008 | WHP | 0.25 | $400.00 | $100.00 |
| 4/16/2008 | WHP | 4.00 | $400.00 | $1,600.00 |
| 4/17/2008 | CV | 0.25 | $190.00 | $47.50 |
| 4/17/2008 | WHP | 4.50 | $400.00 | $1,800.00 |
| 4/18/2008 | WHP | 5.75 | $400.00 | $2,300.00 |
| 4/18/2008 | WHP | 0.50 | $400.00 | $200.00 |
| 4/21/2008 | WHP | 0.50 | $400.00 | $200.00 |
| 4/21/2008 | WHP | 0.50 | $400.00 | $200.00 |
| 4/21/2008 | WHP | 0.25 | $400.00 | $100.00 |
| 4/21/2008 | WHP | 0.25 | $400.00 | $100.00 |
| 4/21/2008 | WHP | 1.50 | $400.00 | $600.00 |
| 4/22/2008 | WHP | 0.25 | $400.00 | $100.00 |
| 4/22/2008 | WHP | 0.25 | $400.00 | $100.00 |
| 4/22/2008 | WHP | 0.25 | $400.00 | $100.00 |

| | | | | |
|---|---|---|---|---|
| 4/22/2008 | WHP | 0.25 | $400.00 | $100.00 |
| 4/23/2008 | CV | 0.50 | $190.00 | $95.00 |
| 4/23/2008 | WHP | 3.00 | $400.00 | $1,200.00 |
| 4/23/2008 | WHP | 0.50 | $400.00 | $200.00 |
| 4/25/2008 | WHP/DDA | 3.00 | $400.00 | $1,200.00 |
| 5/9/2008 | WHP | 0.25 | $400.00 | $100.00 |
| 5/21/2008 | WHP | 0.25 | $400.00 | $100.00 |
| 5/21/2008 | WHP | 0.50 | $400.00 | $200.00 |
| 5/22/2008 | WHP | 2.00 | $400.00 | $800.00 |
| 5/22/2008 | WHP | 0.25 | $400.00 | $100.00 |
| 5/28/2008 | WHP | 0.50 | $400.00 | $200.00 |
| 6/2/2008 | WHP | 0.25 | $400.00 | $100.00 |
| 6/3/2008 | WHP | 0.25 | $400.00 | $100.00 |
| 6/9/2008 | WHP | 0.25 | $400.00 | $100.00 |
| 6/10/2008 | WHP | 0.25 | $400.00 | $100.00 |
| 6/10/2008 | WHP | 0.25 | $400.00 | $100.00 |
| 6/11/2008 | WHP | 0.25 | $400.00 | $100.00 |
| 6/12/2008 | WHP | 0.25 | $400.00 | $100.00 |
| 6/15/2008 | WHP | 1.00 | $400.00 | $400.00 |
| 6/17/2008 | WHP | 0.25 | $400.00 | $100.00 |
| 6/18/2008 | WHP | 0.25 | $400.00 | $100.00 |
| 6/20/2008 | WHP | 1.00 | $400.00 | $400.00 |

**TOTAL HOURLY ATTORNEY'S FEES    $29,358.75**

**BLOCK BILLING CALCULATION**

| Timekeeper | Hours Reported by Weg | 50% of Hours Reported by Weg | Rate per hour | Total |
|---|---|---|---|---|
| WHP | 25 | 12.5 | $400.00 | $5,000.00 |
| CV | 15 | 7.5 | $190.00 | $1,425.00 |
| DDA | 15 | 7.5 | $400.00 | $3,000.00 |

**TOTAL BLOCK BILLING ATTORNEY'S FEES    $9,425.00**

**TOTAL HOURLY PLUS BLOCK BILLING ATTORNEY'S FEES    $38,783.75**
*MULBERRY PREPAYMENT    -$7,500.00*

**TOTAL WEG ATTORNEY'S FEES    $31,283.75**

3